IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:01-cr-00221-M
Case No. 5:20-cv-00436-M

MICHAEL ANTRANTRINO LEE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

ORDER

This matter comes before the court on Petitioner's *pro se* motion to vacate his conviction under 28 U.S.C. § 2255 [DE 176] and the United States' motion to dismiss [DE 182]. Before the court Petitioner's additional *pro se* motions to amend the sentencing judge's order reducing his sentence under the First Step Act [DE 189] and for fine payment receipts [DE 199].

On November 13, 2001, Petitioner, pursuant to a written plea agreement, pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base (count one); carrying a firearm during and in relation to the substantive drug trafficking offense set forth in count two (count three); and the criminal forfeiture count (count nine). He initially received a 360-month custodial sentence for the conspiracy conviction, followed by 60 months' imprisonment for the 924(c) conviction. His sentence for the conspiracy conviction was twice reduced pursuant to the 2007 and 2014 crack cocaine sentencing guidelines changes, resulting in a 262-month sentence. In 2020, that sentence was further reduced to 202 months pursuant to the First Step Act.

He appealed the latest reduction based on the claim that the sentencing court erroneously treated him as a "career offender" when crafting his reduction. *See* DE 8, *United States v. Lee*,

No. 20-7481 (4th Cir. Oct. 29, 2020). The Fourth Circuit has since rejected his claim and affirmed the reduction. *See* DE 191.

On March 1, 2021, while the appeal was pending, Petitioner collaterally attacked his sentence pursuant to 28 U.S.C. § 2255. DE 176. On May 12, 2021, the United States moved to dismiss Petitioner's claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. DE 182. Petitioner timely responded. DE 188.

Since then, he has been released on supervision but faces revocation based on allegedly attempting first degree murder, discharging a firearm within a city, and possessing a firearm as a felon on September 21, 2022. DE 202. The issued warrant [DE 203] has not yet been returned due to his arrest on state drug trafficking charges.

**Motion to Vacate [DE 176]**

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petitioner must prove the grounds for collateral relief by a preponderance of evidence. *Miller v. v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Petitioner maintains that his sentence reduction was error in light of his purported "career offender" designation. Based on this court's review of the record and the Fourth Circuit's decision affirming the challenged reduction, the court rejects Petitioner's argument that the sentencing judge erroneously designated Petitioner as a "career offender" when recalculating his sentence. *See, e.g.*, DE 191.

Petitioner also attacks his § 924(c) conviction based on the claim that the predicate drug offense—possession with intent to distribute 3.2 grams of cocaine base and 0.2 grams of cocaine—was factually unsupported. The record contains ample evidence that Petitioner committed the drug trafficking offense charged in count two of the indictment. *See United States v. Randall*, 171 F.3d 195, 205 (4th Cir. 1999) (stating that "proof of a predicate offense is an essential element of a § 924(c) violation"); PSR, DE 166 (indicating that on January 29, 2001 officers located 3.2 grams of cocaine base in the vicinity of Lee's arrest and 0.2 grams of cocaine on his person upon arrest).

The court GRANTS the United States' motion [DE 182], DISMISSES Petitioner's § 2255 motion [DE 176], and DENIES a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 366–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court DENIES as MOOT Petitioner's motion to expedite his § 2255 motion [DE 198].

**Motion to Amend [DE 189]**

Petitioner moves *pro se* to correct the clerical error in the previous order reducing his sentence under the First Step Act. The order at issue states that the "60 month consecutive sentence remains unchanged as to Count 2. Therefore the total sentence is 262 months." DE 156. Petitioner pleaded guilty and was convicted for count three, not count two. *See, e.g.*, DE 9; DE 67. Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, the court GRANTS the motion [DE 189] and clarifies that the order should state the following: "The 60 month consecutive sentence remains unchanged as to Count 2. Therefore the total sentence is 262 months."

**Motion For Receipts [DE 199]**

Petitioner moves the court to provide copies of receipts for two payments towards his $10,000 fine. The payments were allegedly in the amounts of $1,338.76 and $25.00. Pursuant to 18 U.S.C. § 3612, the clerk of court shall provide Petitioner with copies of any receipts for a

3

$1,338.76 fine payment between September and October 2021 and a $25 fine payment on September 4, 2021.

SO ORDERED this \_\_\_19th\_\_\_ day of December, 2023.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE