IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:01-cr-00221-M
Case No. 5:20-cv-00436-M

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ANTRANTRINO LEE,<br><br>Defendant. | ORDER |

This matter comes before the court on Defendant's pro se motions. [DE 213–15, 219–20, 244].

On November 13, 2001, Defendant, pursuant to a written plea agreement, pleaded guilty to conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base; carrying a firearm during and in relation to the substantive drug trafficking offense committed on January 29, 2001; and a criminal forfeiture charge. [DE 18]. On March 20, 2002, he was sentenced to a 360-month term of imprisonment for the conspiracy charge and a 60-month term of imprisonment for the firearm charge, to be served consecutively for a total term of imprisonment of 420 months. *Id.* He twice received a reduction on the conspiracy sentence pursuant to the 2007 and 2014 crack cocaine sentencing guideline changes, resulting in a 262-month sentence. *See* [DE 29, 67]. In 2020, that sentence was further reduced to 202 months pursuant to the First Step Act. [DE 156].

On October 2, 2020, Defendant appealed the court's order granting his motion for a reduced sentence. [DE 158]. The Fourth Circuit affirmed this court's order, holding that "[u]pon

review, we discern no error warranting reversal in the district court's application of the Guidelines." *United States v. Lee*, 857 Fed. Appx. 737, No. 20-7481 (4th Cir. August 27, 2021).

On April 5, 2022, Defendant was released from federal custody and entered a term of supervised release. However, on September 26, 2022, the United States filed a Motion for Revocation of Supervised Release, [DE 202], and on September 19, 2024, the United States filed an amended motion. [DE 230]. The amended motion alleged that on October 12, 2022, Defendant committed the offense of Possession of a Firearm as a Felon, and that on September 10, 2024, Defendant pled guilty to and was sentenced for the lesser offense of Attempted Possession of a Firearm by a Felon. *Id.* He was sentenced to 9-20 months of imprisonment. As of this writing, he remains in state custody. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited December 5, 2024). A revocation hearing is currently scheduled for December 9, 2024.

While in the custody of the North Carolina Department of Corrections, Defendant filed six pro se motions. The court now considers each in turn.

**I.    Rule 60(b) Motion**

On February 22, 2024, Defendant filed a motion pursuant to Rule 60(b)(1), (5), and (6) of the Federal Rules of Civil Procedure. [DE 213]. He argues that the court's December 19, 2023, order, which denied his 28 U.S.C. § 2255 petition, did not adequately address his claims for relief. *Id.* at 2. First, he asserts that the court did not consider his argument that the Fourth Circuit's decision in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019) retroactively rendered him ineligible for a career offender guideline enhancement. *Id.* at 3. Second, he argues that the court never reached the merits of his claim that his 924(c) charge should have been dismissed because he is "factually innocent" of "using a firearm." *Id.* at 4.

2

Rule 60(b) of the Federal Rule of Civil Procedure permits a court to relieve a party from a final judgment, order, or proceeding under six enumerated circumstances. Fed. R. Civ. P. 60(b).

> Rule 60(b) applies to § 2255 proceedings, but only to the extent that it is not inconsistent with applicable statutory provisions and rules. Therefore, a Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition. A successive habeas petition may not be filed in [a] district court without preauthorization from a court of appeals under § 2244(b)(3)(A). A Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings, however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement.

*United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (cleaned up).

Defendant makes clear that he is "not attacking the court's ruling on the merits." [DE 213 at 2, 4]. He instead alleges that the court never considered or ruled on specific claims. *Id.* While the structure of the motion appears to render it a valid Rule 60(b) motion, the motion ultimately fails on the merits.

In its previous order, the court "reject[ed] Petitioner's argument that the sentencing judge erroneously designated Petitioner as a 'career offender' when recalculating his sentence." [DE 205]. While the court did not explicitly mention *Norman*, it did not need to. The Fourth Circuit had previously stated, regarding this case, that it "discern[ed] no error warranting reversal in the district court's application of the Guidelines." *Lee*, 857 Fed. Appx., at *1. Accordingly, the court was not obligated to provide yet another detailed explanation as to why the career offender enhancement was appropriate. It considered the substance of Defendant's claim that his guideline range was inappropriately calculated, and relying on binding Fourth Circuit authority, it denied it.

As to Defendant's argument regarding the 924(c) charge, the court did not previously consider this claim because Defendant never made it. In his § 2255 petition, Defendant argued that he was "actually innocent" of the 924(c) charge because on the day of the offense, he "never

3

possessed any drugs." [DE 176 at 6]. In the present motion, he contends that the indictment should have been dismissed because "[t]his court realized that [Defendant] never used a firearm at all." [DE 213 at 4]. These are different arguments as they attack the validity of his conviction based on two different theories. The theory presented in his § 2255 petition would preclude his conviction on the grounds that he did not possess a firearm in furtherance of a drug trafficking crime because he never possessed any drugs to begin with. The theory presented now would preclude his conviction because he did not possess a firearm. A Rule 60(b) motion is not the appropriate avenue through which to which to bring a novel argument that could have been presented in a § 2255 petition. *See McRae*, 793 F.3d at 397. Defendant does not otherwise have authorization from the Fourth Circuit to bring a second habeas petition, so the court declines to consider the substance of Defendant's new theory. *See id.*

The motion is DENIED.

## II. Suggestion of Subsequently Decided Authority

On February 22, 2024, Defendant filed a Suggestion of Subsequently Decided Authority. [DE 241]. Defendant seeks to "place[] on the record" the Fourth Circuit's unpublished decision in *United States v. Fallin*, No. 20-7702, 2022 WL 2752527 (4th Cir. July 14, 2022). He contends that it supports his argument that he improperly received a career offender enhancement at sentencing, and he asks the court to consider it "in case [his] Rule 60(b) [motion] is granted." [DE 241].

The Fourth Circuit has previously affirmed this court's calculation of Defendant's sentencing guidelines. *See Lee*, 857 Fed. Appx., at *1. The court has read *Fallin* and finds that it does not change this determination. To the extent this filing is construed as a motion, it is DENIED.

4

### III. Motion for Amended Judgment

On March 7, 2024, Defendant filed a Motion to Amend Judgment and Clarify Request. [DE 215]. He asks the court to amend its orders at [DE 156] and [DE 205], contending that they mistakenly refer to Count 2, a drug charge which had been dismissed at sentencing, when they should have referred to Count 3. Defendant is correct. Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, the court clarifies that the orders at [DE 156] and [DE 205] should read: "The 60-month consecutive sentence remains unchanged as to Count 3. Therefore, the total sentence is 262 months."

Defendant also requests a court order requiring the Bureau of Prisons ("BOP") to pay him $25. Defendant asserts that he paid his fine in full and yet the BOP inappropriately charged him an additional $25. A criminal case is an inappropriate avenue through which to challenge a taking by the BOP. "The Attorney General is tasked with the responsibility of collecting unpaid fines and restitution." *McFadden v. Bell*, 2023 WL 3309464, at *2 (D. Md. April 13, 2023); 18 U.S.C. § 3612(c). If Defendant wishes to challenge how a collection occurred, he may do so by bringing a separate claim.

The motion is GRANTED as to the amended judgment and DENIED as to the request for reimbursement.

### IV. Motion for Nunc Pro Tunc Designation

On May 13, 2024, Defendant filed a motion styled as a "Motion to Nunc Pro Tunc Decision on 2255 and Suggestion of Subsequently Decided Authority." [DE 219]. Defendant cites to Amendment 821 of the United States Sentencing Guidelines, but recognizing that it would not lower his guideline range, he ultimately asks the court to "revisit its prior ruling" and "grant the 2255 resentencing." *Id.* at 4.

The Fourth Circuit has held that 28 U.S.C. § 2255 is "[t]he exclusive remedy for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, unless § 2255 is inadequate or ineffective, in which case the defendant may file a 28 U.S.C. § 2241 petition." *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022). Defendant plainly admits that he seeks to challenge the calculation of his sentencing guidelines. And as the court has already denied one § 2255 petition, Defendant may not now bring another one without first obtaining authorization from the Fourth Circuit Court of Appeals. 28 U.S.C. § 2255(h). He has not done so, so the court will not "revisit its prior ruling." The motion is DENIED.

## V. Motion for Compassionate Release

On May 15, 2024, Defendant filed a Motion for Compassionate Release. [DE 220]. Defendant seeks an order from the court granting his early release on the grounds that he is particularly susceptible to COVID-19 and inappropriately received a career offender enhancement at sentencing. *Id.* at 6, 9.

Typically, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "Congress provided an exception to that general rule . . . which permits courts to reduce a sentence or permit immediate release based on extraordinary and compelling reasons warranting such relief." *United States v. Centeno-Morales*, 90 F.4th 274, 278 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)) (cleaned up). Section 3582 requires an inmate to exhaust all administrative remedies within the BOP. § 3582(c)(1)(A). Accordingly, the statute does not authorize defendants to seek release from state custody. *United States v. Wigfall*, 2022 WL 1229021 at, *2 (D.S.C. April 26, 2022); *see also United States v. Binns*, 2020 WL 2488241, at *1 (S.D.N.Y. May 14, 2020) ("The Court certainly cannot alter Binns' state sentence under Section 3582."); *Williams v. Keiser*, 2020 WL 2028256, at *2 (W.D.N.Y. April 28, 2020) (denying

6

a motion for compassionate release because the defendant was "currently in *state* custody") (emphasis in original).

Defendant was released from federal custody on April 5, 2022, and began a term of supervised release. *See* [DE 230]. On September 10, 2024, he was convicted of Attempted Possession of a Firearm as a Felon and sentenced to 9-20 months of imprisonment in the North Carolina Department of Corrections. *Id.* On November 5, 2024, Defendant stated that he was currently held at the Brunswick County Detention Center, [DE 244], and as of this writing, BOP records reveal that he has not returned to federal custody. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited December 5, 2024). As Defendant is currently in state custody, this court lacks the authority the grant the requested relief. The motion is DENIED WITHOUT PREJUDICE. Accordingly, Defendant's motion requesting a copy of the Government's memorandum and additional time to file a response, [DE 244], is DENIED WITHOUT PREJUDICE.

**VI. Conclusion**

In sum, the court DENIES Defendant's motions at [DE 213], [DE 214], and [DE 219]; it GRANTS IN PART AND DENIES IN PART Defendant's motion at [DE 215]; and it DENIES WITHOUT PREJUDICE Defendant's motions at [DE 220] and [DE 244].

SO ORDERED this \_\_6th\_\_ day of December, 2024.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE